## MANN v. MAUREL.

(Supreme Court, Appellate Term. January 5, 1911.)

CONTRACTS (§ 300*)—PERFORMANCE—BREACH.
  A contract binding defendant to write a play for plaintiff and his wife required delivery in a specified month, and provided that any extension granted defendant should postpone for an equal period the date

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of production. After the time fixed for delivery, the parties continued. negotiations as to the play, and, because of the wife's suggestions, much time was consumed in writing the play. Plaintiff never fixed a date for the completion of the play, but continued to consider the contract still. open. *Held* that, to hold defendant for damages for breach of contract, it was necessary for plaintiff after the time for completion had expired to give notice to finish the work within a reasonable time.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 300.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Mann against Fredericka Maurel; first name being fictitious, and otherwise known as Fred De Grezac. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Nathan Burkan (Adolph Bangser, of counsel), for appellant.
Myron Sulzberger, for respondent.

BRADY, J. The plaintiff, an actor, and the defendant, a playwright, entered into an agreement in writing which was attached to and made a part of the complaint herein, which, after reciting that the defendant had theretofore composed a scenario temporarily entitled "To Love or Not to Love," which had been imparted to the plaintiff and approved by him, and that the plaintiff desired to secure the exclusive license and right to produce a play based upon said scenario when completed, provided that the plaintiff should pay the defendant upon the execution of said agreement the sum of $500, which should be considered as an advance upon royalties and be deducted from the first royalties, but which should belong absolutely to the defendant, whether the royalties thereafter provided for should reach said sum or not, or whether said play should be produced or not by the plaintiff, and that the defendant should deliver to the plaintiff during the month of October, 1908, a full and complete manuscript of said play, based upon the said scenario. Said agreement bore date April 15, 1908, and was executed by the parties on or about that date, and plaintiff paid to the defendant the sum of $500 therein mentioned.

The complaint alleges the making of said agreement and the payment by plaintiff of said sum of $500, and avers that defendant has wholly neglected and refused to deliver to plaintiff at the time mentioned·in said agreement a full and complete manuscript of said play, and has otherwise wholly neglected and refused to perform the conditions of said agreement on her part to be performed, and alleges that the plaintiff has been ready to receive such services of the defendant, and has performed all the conditions of the said agreement on his part to be performed, and seeks to recover back the $500 thus paid by him, with interest.

The answer denies the breach by defendant of the agreement and the alleged willingness of the plaintiff to receive the services of defendant thereunder, and his alleged performance on his part, and for a separate and distinct defense alleges that she proceeded with due diligence to write and complete said play, and that in the course of

writing the same plaintiff requested various changes in the plot, characters, scenes, incidents, and situations thereof, and thereby prevented the defendant from completing said play at the time provided for by said agreement, and that the plaintiff consented to the postponement of the time of completing the play, and that thereafter the defendant tendered the completed manuscript of said play to the plaintiff, but that he refused to accept the same, and has failed to carry out the terms of said agreement on his part. She asks for judgment dismissing the complaint. The action was tried before the justice without a jury, and judgment rendered for plaintiff. The defendant appeals.

The wife of the plaintiff was an actress, and was, under the agreement, to have the leading part if the play were produced. The evidence discloses without dispute that many communications and interviews occurred between the defendant and plaintiff's wife in reference to details of the play, and that they were had with the knowledge and consent of the plaintiff, and continued long after October, 1908, and it is reasonably apparent that the subject-matter of the wife's suggestions, directions, and criticisms consumed much time of the defendant in the writing of the play. The plaintiff contended that time was of the essence of the agreement, but the parties evidently contemplated a probable delay, for the agreement itself provided "that any extension of time granted to the author for the completion and delivery of the play shall operate likewise to postpone for an equal period the date of production," and the conferences between defendant and plaintiff's wife continued for a long period beyond the date fixed for completion by the agreement. There is no evidence in the case that after these conferences and talks between the parties as to the writing of the play, which extended beyond October, 1908, any request or demand was made by plaintiff upon the defendant for a fixed date or limit of time at which the defendant should complete the play, and, on the other hand, there is uncontradicted evidence that the plaintiff considered the contract still open. Assuming that the plaintiff had the right when October, 1908, passed to immediately claim rescission, he did not do so, but continued negotiations relative to the play, and I think the defendant became then entitled to a notice to finish her work within a reasonable time after such notice. This was never done. Thorne v. French, 4 Misc. Rep. 439, 24 N. Y. Supp. 694.

I do not consider the case of Yeamans v. Tannehill (City Ct. N. Y.) 15 N. Y. Supp. 958, in point. In that case time was undoubtedly of the essence of the contract, as the time was fixed for staging and producing the play to be written, and the plaintiff therein immediately claimed a rescission.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.